**John R. DIONNE, in his capacity as Public Safety Director of the City of Woonsocket**

v.

**Maurice JALETTE.**

No. 93–241–M.P.

Supreme Court of Rhode Island.

May 17, 1994.

Joseph P. Carroll, Woonsocket, for plaintiff.

Susan Carlin, Famiglietti & Carlin, Providence, for defendant.

OPINION

SHEA, Justice.

■ This matter came before the Supreme Court on a petition for a writ of certiorari filed by John R. Dionne, in his capacity as the Public Safety Director of the city of Woonsocket. In this matter the petitioner seeks review of a decision of the hearing committee convened under the Law Enforcement Officers' Bill of Rights, G.L.1956 (1993 Reenactment) chapter 28.6 of title 42. The petitioner has challenged the committee's decision on the basis of the absence of any findings of fact by the committee as required by § 42–28.6–11. We agree and quash the decision.

On December 10, 1991, the respondent, Maurice Jalette, a captain in the Woonsocket police department, was charged with twenty-one counts of violating various department rules and regulations.[1] A hearing was held

---

1. Six of these charges were dismissed by the city before a hearing.

on March 17, 18, 19, and 22, 1993, before a law enforcement hearing committee. Testimony was taken from sixteen witnesses over the four-day period, resulting in over 1,100 pages of transcript in this record.

Of the fifteen charges tried before the law enforcement committee, respondent was found not guilty of thirteen and guilty of two. The written decision of the hearing committee contains no findings of fact. It simply set out each charge verbatim, followed by the wording "guilty (or not guilty) by unanimous decision."

Section 42–28.6–11(b) of the Law Enforcement Officers' Bill of Rights provides:

"Any decision, order, or action taken as a result of the hearing shall be in writing and shall be accompanied by findings of fact. The findings shall consist of a concise statement upon each issue in the case. A copy of the decision or order and accompanying findings and conclusions, along with written recommendations for action, shall be delivered or mailed promptly to the law enforcement officer or to his or her attorney or representatives of record."

One of the few opportunities this court has had to review this act was in the case of the *City of East Providence v. McLaughlin,* 593 A.2d 1345 (R.I.1991). This court pointed out that in reviewing the committee findings, we will not weigh the evidence or make findings of fact. *Id.* at 1348. We will examine the record only to determine whether some competent evidence exists to support the findings made by the committee. *Id.* It is clear that the hearing committee in this case did not follow the directives of the statute. The requirement that the hearing committee render its conclusions in the form of findings of fact is a mandate that demands compliance.

 Neither this court nor the Superior Court has the power to act as a factfinder in these matters. That power is vested exclusively in the hearing committee. Our review is limited to determining whether there is evidence in the record to support its findings. The hearing panel must, at a minimum, indicate the evidence upon which it relies.

We had occasion to assess the adequacy of a decision similar to the one now before the court in *Hooper v. Goldstein,* 104 R.I. 32, 241 A.2d 809 (1968). That case involved a decision issued by a law enforcement hearing committee prior to the enactment of the Law Enforcement Officers' Bill of Rights. In *Hooper* six charges against an officer were essentially repetitions of the single charge that he had assaulted and used excessive force against a civilian. *Id.* at 35–36, 241 A.2d at 811. At the conclusion of the hearing the board rendered the following decision:

"Charge I Not Guilty
"Charge II Guilty
"Charge III Guilty
"Charge IV Guilty
"Charge V Guilty
"Charge VI Guilty." Id. at 43, 241 A.2d at 815.

This court held that it could not make a determination based on the committee's order. *Id.* at 44, 241 A.2d at 815. The committee failed to inform the court "how evidentiary conflicts were resolved or to advise us of the basic findings upon which the ultimate findings rest[ed]." *Id.* The court noted that there were "several practical reasons" why basic factfinding is necessary. *Id.*

"The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction." *Id.* (quoting 2 Davis, *Administrative Law Treatise,* § 16.05 at 444).

The court concluded that it must "require that factual determinations be made and * * * insist upon an ample decisional demonstration of the grounds upon which an ultimate conclusion is predicated." 104 R.I. at 44, 241 A.2d at 815. Although *Hooper* was decided before passage of § 42–28.6–11, its holding is pertinent because the statute's language requires written findings that consist of a "concise statement upon each issue in the case."

It is possible that the officers on the hearing panel lacked sufficient training in the law to render a written opinion that complied with the statute. If that was the case, this matter will have to be returned for the convening of a new hearing board, qualified to comply with the dictates of the statute. For

the present, however, we will assume that the board was capable of performing its duties under the act.

For these reasons the petition is granted, the decision appealed from is quashed, and the case is remanded to that hearing board with our opinion endorsed thereon with directions that it prepare a new decision, which includes findings of fact and makes reference to the evidence on which it relies. If the Safety Director or the respondent feel aggrieved by the new decision after it is rendered, either may seek appellate review as provided in the statute.